IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTINA AGUAYO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 3:23-CV-539-E |
| UNITED STATES OF AMERICA, § | |
| § | |
| § | |
| Defendant. § | (removed from Dallas County District |
| § | Court, Cause No. DC-22-16847, captioned |
| § | Christina Aguayo v. Congresswoman |
| § | Veronica Escobar) |

**JOINT STATUS REPORT**

In accordance with the Court's Status Report Order, Plaintiff and Defendant hereby submit this Joint Status Report.

**1.  A brief statement of the nature of the case, including the contentions of the parties; _Plaintiff's Contentions_:**

This action is the result of removal by Defendant under the Westfall Act of a lawsuit filed by Plaintiff in the District Court of Dallas County, Texas, and more specifically, a First Amended Original Petition in such lawsuit.

In the First Amended Original Petition, Plaintiff claimed that Congresswoman Veronica Escobar ("Escobar") intentionally or recklessly interfered with her employment with Nexstar, Inc. bringing about termination of such employment. As indicated further below, Plaintiff intends to file a form of Second Amended Complaint continuing to assert such claim of interference and may additionally make claims of slander and libel by Escobar by means of a form of Second Amended Complaint. For reasons which will be stated in the Second Amended Complaint, neither of those

JOINT STATUS REPORT – Page 1

claims will be subject to a claim of immunity or lack of jurisdiction based on application of the Westfall Act.

Concurrent with the filing of the Second Amended Complaint, Plaintiff intends to file a response to Defendant's motion to dismiss this action.

*Defendant's Contentions*:

Defendant, the United States, contends that this case ought to be dismissed because sovereign immunity has not been waived for Plaintiff's claim, for the reasons given in the motion to dismiss filed by the United States on March 17, 2023, and further contends that its substitution as the defendant in this action in place of Congresswoman Escobar on the basis of the Westfall Act certification given by the United States Attorney was proper, *see* 28 U.S.C. § 2679.  (*See* Doc. 5.)

**2.    Any challenge to jurisdiction or venue, including any procedural defects in the removal, if this case was removed;**

Defendant has filed a motion to dismiss based on sovereign immunity (which operates as a jurisdictional bar to suit if applicable).  The motion was filed on March 17, 2023.  (Doc. 5.)

**3.    Any pending motions**;

Defendant has filed a motion to dismiss which remains pending, to which Plaintiff will respond no later than April 7, 2023 contemporaneously with the filing of her Second Amended Complaint.

**4.    Any matters which require a conference with the court;**

None at this time, but Plaintiff reserves the right to file a motion to compel arbitration on the grounds stated in her First Amended Original Petition, which she may reiterate in her Second Amended Complaint and further notes that if this Court compels arbitration, this action would be appropriately stayed and deadlines in this action made moot.

5. **Likelihood that other parties will be joined or the pleadings amended;**

The Parties are not aware of any other parties to join. The parties may seek to amend their pleadings. ~~Since Plaintiff has already amended her pleadings once,~~ Defendant notes here for Rule 15(a) purposes that it consents to Plaintiff's anticipated Second Amended Complaint that Plaintiff states it will be filing by April 7, 2023 (while Defendant reserves all defenses to such pleading).

6. **The parties have read Dondi, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc) and this Court's Civil Justice Expense and Delay Reduction Plan.**

7. **(a) An estimate of the time needed for discovery, with reasons, (b) a specification of the subjects on which discovery may be needed, and (c) whether discovery should be conducted in phases or be limited to or focused upon particular issues;**

At the outset, the parties believe that discovery should be phased in the sense that no discovery should occur until the sovereign immunity issue raised by Defendant's motion to dismiss (and/or any subsequent motion to dismiss in response to Plaintiff's anticipated Second Amended Complaint) has been resolved. *See In re Paxton*, 60 F.4th 252 (5th Cir. 2023) (granting mandamus because resolution of the defendant's sovereign immunity defense was required before discovery could be conducted); *Stollings v. Texas Tech Univ.*, No. 5:20-CV-250-H, 2021 WL 4171815 (N.D. Tex. Apr. 13, 2023) (staying all discovery pending resolution of immunity issues raised by defendants). The sovereign immunity issue is also related to and intertwined with Plaintiff's contention, noted above in item 1, that Plaintiff's Second Amended Complaint will raise claims that are not barred by immunity or the Westfall Act. The parties respectfully request that the Court refrain from issuing a "full" scheduling order at this time but instead to the extent necessary provide a schedule for resolution of the immunity issue (e.g., Plaintiff will file her Second Amended Complaint by April 7, 2024; Defendant will file any motion to dismiss within 14 days thereafter; etc.).

If it is determined that sovereign immunity does not apply, the parties state as follows regarding anticipated discovery:

(a) The Parties anticipate that as long as 12 months of discovery could be needed.

(b) The Parties anticipate depositions and written discovery pertaining issues of liability on Plaintiff's alleged damages and mitigation, and attorneys' fees.

(c) Discovery should be phased in the sense noted above that no discovery can occur until the sovereign immunity issue is resolved; after that point, however, there is no further need to phase discovery.

8. **Any issues related to disclosure or discovery of electronically stored information, including the form or forms (i.e., TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced;**

None at this time.  The Parties have agreed, should the case proceed into discovery, to exchange relevant ESI pursuant to negotiated search terms and that such information shall be produced electronically in an appropriate searchable format.

9. **Any issues relating to claims of privilege or of protection as trial-preparation material, including–if the parties agree on a procedure to assert such claims after production–whether they will be asking the Court to include their agreement in an order;**

The parties do not anticipate issues relating to claims of privilege or work-product. The parties have agreed to raise claims about such assertions after privilege logs are exchanged. Doing so, the parties have agreed to first confer in good-faith about such assertions before raising any such contentions with the Court.  If Court intervention is needed, the parties have agreed to submit letter briefs to the Court, submitting un-redacted versions of privileged or work product material confidentially in anticipation of a telephone conference with the Court to resolve such issues. The parties do not believe an Order from the Court on this procedure is necessary, but are agreeable to an alternative procedure if the Court desires.

10. **What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed;**

Other than the issue noted in item 7 above (that no discovery occur until the sovereign immunity issue is resolved), none.

11. **Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c);**

None at this time.

12. **Proposed deadlines with specific dates that limit the time to (a) join other parties and to amend the pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery; and (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2);**

As noted above, the parties believe that the sovereign immunity issue should be resolved prior to the case proceeding into any discovery, and therefore it is respectfully submitted that the Court refrain from issuing a "full" scheduling order at this time. The following specific dates are provided under an assumption that if the sovereign immunity issue could be resolved within the next few months, and if the case then proceeds, the following deadlines could then be used:

- Deadline to Join Additional Parties and Amend Pleadings: **August 7, 2023.**
- Deadline to Designate Expert Witnesses and Expert Disclosures Required by Rule 26(a)(2): **October 23, 2023.**
- Deadline to Designate Rebuttal Expert Witnesses and Rebuttal Expert Disclosures: **November 20, 2023.**
- Deadline to Complete Discovery: **April 26, 2024.**
- Deadline to File Summary Judgment and other Dispositive Motions: **May 17, 2024.**

13. **Requested trial date, estimated length of trial, and whether jury has been demanded;**

With the same caveat noted above in item 12 about the need to first resolve the sovereign immunity issue, the parties propose a trial setting in the Fall of 2024 (or whatever other date the Court believes would be sufficient to allow for resolution of any summary judgment motions filed in May 2024). Plaintiff anticipates trial will last 5 days, and a jury trial has been demanded by Plaintiff. Defendant does not believe that any trial would require that much time (instead maybe

JOINT STATUS REPORT – Page 5

1-2 days). ~~And notes that pursuant to the Federal Tort Claims Act, any trial would be to the bench, not to a jury  see 28 U.S.C. § 2402.~~

**14.  Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c);**
The parties do <u>not</u> consent to a trial before a United States Magistrate Judge.

**15.  Progress made toward settlement, and the present status of settlement negotiations. This must be a detailed report. Do not submit a generic recitation that settlement was discussed but was unsuccessful;**
The parties have not discussed settlement at this time.  If the case continues, they do believe that participating in mediation on or before October 15, 2023, before a mutually agreeable, private mediator would be potentially beneficial.

**16.  What form of alternative dispute resolution (e.g., mediation, arbitration, summary jury trial, court-supervised settlement conference, or early neutral evaluation) would be most appropriate for resolving this case and when it would be most effective; and**

Absent resolution of this case in private mediation, the Parties believe a court-supervised settlement conference after the close of discovery would be most appropriate.

**17.  Any other matters relevant to the status and disposition of this case.**

None at this time.

Respectfully submitted,

KILGORE & KILGORE, PLLC

By: <u>/s/ *Robert E. Goodman, Jr.*</u>
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
John S. Morgan
State Bar No. 14447475
jsm@kilgorelaw.com
3141 Hood Street, Suite 500
Dallas, Texas 75219
(214) 969-9099 - Telephone
(214) 379-0840 - Fax

ATTORNEYS FOR PLAINTIFF

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ Brian W. Stolz (with permission)*
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8626
Facsimile:   214-659-8807
brian.stoltz@usdoj.gov

Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2023, a true and correct copy of this document has been served on Defendant through the Court's e-file system.

*/s/ Robert E. Goodman, Jr.*
Robert E. Goodman, Jr.