IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTINA AGUAYO, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-539-E |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § § § | (removed from Texas state court, Cause No. DC-22-16847, captioned Christina Aguayo v. Congresswoman Veronica Escobar) |

## AGREED MOTION TO EXTEND MEDIATION DEADLINE

This is a tort lawsuit in which Plaintiff contends that Congresswoman Veronica Escobar intentionally or recklessly interfered with her employment with Nexstar Media Group, Inc., bringing about termination of such employment, and defamed her and conspired in and aided and abetted defamation of her.  Defendant, the United States, was substituted as the defendant in place of Escobar on the basis of a Westfall Act certification at the time it removed the case from state court, and contends that the case now ought to be dismissed because sovereign immunity has not been waived for Plaintiff's claims.  In response to Defendant's motion to dismiss, Plaintiff has challenged the applicability and sufficiency of the Westfall Act certification and requested that Escobar be substituted back into the case as the defendant.

The Court's scheduling order issued in early April set an August 25, 2023 deadline to mediate the case, and the parties designated Royal Furgeson as the mediator and scheduled a mediation with him to occur prior to the August 25 deadline.  Meanwhile, Plaintiff had also filed a second amended complaint which prompted Defendant to file a new motion to dismiss, and briefing on that motion was not completed until late April.  Most recently, in anticipation of the

scheduled mediation with Judge Furgeson, both parties submitted confidential mediation statements to him and discussed the case with him separately.  As a result of those pre-mediation discussions, the parties (along with Judge Furgeson) formed a belief that, in light of the somewhat unique nature of the case and the pending motion, mediation likely would not be productive at this time, but that it would instead be prudent for the parties to request the Court's approval to extend the mediation deadline.  The parties believe that doing so would best conserve resources and increase the chances of a productive mediation insofar as it is unclear at this time whether the United States will remain the defendant in the case (since Plaintiff is requesting that Escobar instead be substituted into the case).  Given this uncertainty, the parties expect that mediation in the case's current posture would not be fruitful.

For all these reasons, the parties respectfully submit that there is good cause to extend the mediation deadline in this case and hereby request that the Court extend the deadline to April 26, 2024 (which corresponds to the close of discovery).

Respectfully submitted,

KILGORE & KILGORE, PLLC

By: /s/ *Robert E. Goodman, Jr.*
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
John S. Morgan
State Bar No. 14447475
jsm@kilgorelaw.com
3141 Hood Street, Suite 500
Dallas, Texas 75219
(214) 969-9099 - Telephone
(214) 379-0840 - Fax

ATTORNEYS FOR PLAINTIFF

\* \* \* \* \*

LEIGHA SIMONTON
UNITED STATES ATTORNEY

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8626
Facsimile:    214-659-8807
brian.stoltz@usdoj.gov

Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2023, a true and correct copy of this document has been served on Defendant through the Court's e-file system.

/s/ *Brian W. Stoltz*
Brian W. Stoltz